In the

# United States Court of Appeals
# For the Fifth Circuit

IN RE ADMINISTRATIVE SUBPOENA NO. 25-1431-032

UNITED STATES OF AMERICA,

*Petitioner-Appellee,*

*v.*

RHODE ISLAND HOSPITAL,

*Respondent-Appellant.*

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth
Honorable Reed O'Connor, Chief District Judge
Case No. 4:26-mc-00006-O

## APPELLANT'S MOTION FOR
## EXTENSION OF TIME TO FILE BRIEF

Kathryn M. Barber
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
T: (804) 775-1227
F: (804) 698-2227
kbarber@mcguirewoods.com

Eric G. Olshan
MCGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
T: (412) 667-7941
F: (412) 667-7991
eolshan@mcguirewoods.com

*(additional counsel listed on inside cover)*

Erin L. Brown
MCGUIREWOODS LLP
Bank of America Tower
50 North Laura Street
Suite 3300
Jacksonville, FL 32202
T: (904) 798-2622
F: (904) 360-6322
ebrown@mcguirewoods.com

James R. Hornsby
MCGUIREWOODS LLP
888 16th Street N.W.,
Suite 500
Washington, DC 20006
T: (202) 857-2440
F: (202) 828-2960
jhornsby@mcguirewoods.com

*Counsel for Appellant Rhode Island Hospital*

July 22, 2026

## MOTION FOR EXTENSION OF TIME

Appellant respectfully requests a Level 2 extension of time to file its opening brief. The present deadline for filing the brief is August 5, 2026. Appellant requests an extension of time to 40 days past the date on which its second appeal, as described below, is docketed on a consolidated basis with the existing appeal. Good cause exists for this request. In support of its request, Appellant states as follows:

1. On April 30, 2026, Appellee the United States of America filed a Petition for Enforcement of Administrative Subpoena in *In Re Administrative Subpoena 25-1431-032*, No. 26-mc-6 (N.D. Tex.), ECF No. 1.

2. The same day that Appellee filed its petition, the District Court entered a final and appealable order granting the petition and enforcing the subpoena. *See* Order, ECF No. 2.

3. On May 6, 2026, Appellant filed a notice of appeal from the April 30 order. *See* ECF No. 6. This Court docketed the appeal as Case No. 26-10431.

4. On May 18, 2026, in the same underlying action, the District Court entered an order requiring Appellant to produce materials

responsive to the subpoena *in camera.* *See* Order 5-6, ECF No. 26. The order also enjoined Appellant from "seeking relief, encouraging others to seek relief, or cooperat[ing] with others in seeking relief from any other court related to these proceedings, and from aiding and abetting others or encouraging others from seeking relief from any other court" but the District Court, this Court, or the Supreme Court. *Id.* at 6.

5. On June 5, 2026, Appellant filed an opposed Level 1 motion for extension of time in which to file its opening brief in its appeal from the April 30 order, seeking a 30-day extension due to counsel of record's engagement in other matters with imminent deadlines and pre-planned travel commitments.

6. On June 9, 2026, this Court granted Appellant's motion for extension of time, setting the deadline for filing the opening brief as August 5, 2026.

7. On July 14, 2026, Appellant filed a notice of appeal from the May 18 order. *See* ECF No. 36. After the filing of its second notice of appeal, Appellant made inquiries to this Court's Clerk's Office regarding docketing of the second appeal, and on July 21, 2026, the Clerk's Office communicated to Appellant that the appeal from the May 18 order will

be consolidated automatically with the existing appeal from the April 30 order in Case No. 26-10431. As of this filing, the anticipated docketing and automatic consolidation have yet to occur. In light of the upcoming filing deadline in Case No. 26-10431, Appellant believes it is necessary to move forward with a request for an extension of time to file its opening brief in the anticipated consolidated appeal.

8. An extension of the current deadline of August 5, 2026, is necessary because the consolidation of these appeals significantly increases the complexity of the issues that the opening brief must address. Although the two orders subject to appeal are related and arise out of the same underlying enforcement action, each independently raises complex questions. The April 30 order reflects a denial of due process to Appellant and involves questions about the administrative subpoena's enforceability. The May 18 order's injunction implicates serious First Amendment concerns.

9. Appellant's counsel of record will face substantial difficulty in preparing a brief that adequately addresses all the issues involved by the current deadline. Indeed, if the second appeal is docketed on a consolidated basis today, Appellant would receive only 14 days to address

the issues raised by the new appeal, when in the normal course it would have received 40 days past the date of the filing of the record in the second appeal. *See* Fed. R. App. P. 31(a)(1).

10.     Appellant should thus receive an extension of 40 days from the date of consolidation, reflecting the usual briefing timeframe.

11.     Counsel of record for Appellant also reasonably believe that they will require additional time for preparing their opening brief as they are engaged in other matters with imminent deadlines, including the following:

- Preparation of motion to compel arbitration in *Stevens v. Hometap Equity Partners, LLC*, No. 26-cv-3175, in the U.S. District Court for the District of Minnesota, due on July 23, 2026.

- Presentation of argument at hearing on motion to compel arbitration in *Muskal v. Point Digital Finance Inc.*, No. 26-cv-646, in the U.S. District Court for the Northern District of Illinois, on July 30, 2026.

- Preparation of opening brief in *Gregson v. PGA Tour, Inc.*, No. 26-11320, in the U.S. Court of Appeals for the Eleventh Circuit, due on July 31, 2026.

- Preparation of reply brief in *Greenidge v. Hometap Equity Partners, LLC*, No. 26-cv-1431, in the U.S. District Court for the District of New Jersey, due on August 3, 2026.

- Preparation of opening brief in *Huntington Ingalls Industries, Inc. v. Ace American Insurance Company*, No. 230-9-20, in the State of Vermont Supreme Court, due on August 10, 2026.

12. The undersigned has conferred with counsel for Appellee. Appellee has indicated that it opposes suspension of the existing briefing schedule.

13. This request is made in good faith and not for the purpose of delay, but to allow counsel of record adequate time to prepare the opening brief.

14. This is Appellant's first request for an extension of time to file its brief for the consolidated appeals and second request as to the first appeal.

# CONCLUSION

For all these reasons, Appellant respectfully requests that this Court grant an extension of time to file its opening brief for the consolidated appeals until 40 days past the date of consolidation.

Dated:  July 22, 2026

Respectfully submitted,

*/s/ Eric G. Olshan*
Eric G. Olshan
PA Bar No. 336966
MCGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222
T: (412) 667-7941
F: (412) 667-7991
eolshan@mcguirewoods.com

Kathryn M. Barber
VA Bar No. 88992
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
T: (804) 775-1227
F: (804) 698-2227
kbarber@mcguirewoods.com

Erin L. Brown
FL Bar No. 1073605
MCGUIREWOODS LLP

50 North Laura Street
Suite 3300
Jacksonville, FL 32202
T: (904) 798-2622
F: (904) 360-6322
ebrown@mcguirewoods.com

James R. Hornsby
D.C. Bar No. 90028358
MCGUIREWOODS LLP
888 16th Street N.W.,
Suite 500
Washington, DC 20006
T: (202) 857-2440
F: (202) 828-2960
jhornsby@mcguirewoods.com

*Counsel for Appellant Rhode Island
Hospital*

# CERTIFICATE OF CONFERENCE

I certify that my office conferred with counsel for Appellee concerning this motion, and Appellee opposes the requested extension.


/s/ *Eric G. Olshan*
Eric G. Olshan

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2026, the foregoing was filed with the Clerk of the United States Court of Appeals for the Fifth Circuit using the CM/ECF system, which will also serve all counsel of record electronically.

*/s/ Eric G. Olshan*
Eric G. Olshan

# CERTIFICATE OF COMPLIANCE

The foregoing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 939 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

The foregoing complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word, in 14-point Century Schoolbook style.

*/s/ Eric G. Olshan*
Eric G. Olshan