**IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT**

UNITED STATES OF AMERICA,
*Petitioner-Appellee,*

v.

RHODE ISLAND HOSPITAL,
*Respondent-Appellant.*

Nos. 26-10431

**UNITED STATES' MOTION FOR PARTIAL SUMMARY AFFIRMANCE OR ALTERNATIVELY TO EXPEDITE ORAL ARGUMENT AND DISPOSITION**

The United States respectfully moves for partial summary affirmance or, alternatively, expedited oral argument and disposition under Federal Rule of Appellate Procedure 2 and Fifth Circuit Rules 27.5 and 34.5. This first-filed appeal concerns an order enforcing an administrative subpoena and a subsequent injunction restraining Appellant Rhode Island Hospital (RIH) from taking further actions to undermine the jurisdiction of the district court and this Court. After this Court declined to stay the enforcement order, RIH obtained an order from a district court in Rhode

Island purporting to quash the same subpoena and enjoining the government from seeking or receiving any responsive records. The government appealed that order to the First Circuit on an expedited basis, which heard oral argument on October 7.

At oral argument, RIH expressly proposed using determinations in the collateral First Circuit appeal to preclude issues before this Court. Before the First Circuit, RIH argued that its first-filed direct appeal in this Court may be "resolved" by the First Circuit's determinations "under a preclusion analysis." That desperate argument has no merit, but it explains RIH's dogged effort to delay this Court's consideration of its direct appeal at every turn.

RIH's new plan to evade this Court's jurisdiction is futile, and this Court should not even allow it to get off the ground. RIH's argument that the Northern District of Texas's enforcement order deprived it of due process should be resolved by the first-filed court of appeals and the court with appellate jurisdiction over the Northern District of Texas—that is, this Court. The government therefore requests that this Court advance RIH's

reply brief deadline and summarily affirm the enforcement order.[1] RIH's argument that no amount of process can cure an initial failure to be heard is foreclosed by precedent and thus suitable to summary disposition. Alternatively, the government requests that the Court expedite oral argument and promptly resolve RIH's direct appeal of the enforcement order. RIH opposes this motion.

## BACKGROUND

1. In July 2025, the Department of Justice issued an administrative subpoena to RIH under 18 U.S.C. § 3486 (a "HIPAA subpoena") as part of an investigation into potential violations of the Federal Food, Drug, and Cosmetic Act. Answering Br. 10-16, Dkt.71. After RIH produced only one six-page document over almost ten months, on April 30, 2026, the government petitioned for enforcement in the Northern District of Texas,

---

1 RIH's challenge to the May 18 injunction is also suitable for summary affirmance, but the government does not object to leaving that challenge for consideration with the benefit of argument. This Court has granted motions for partial summary affirmance while separately addressing other issues in the appeal. *E.g.*, *United States v. Alvarez-Alvarado*, Nos. 22-50853, 22-50860, 2023 WL 4080007, at *2 (5th Cir. June 20, 2023).

which is where the investigation is being carried on. *See id.* at 16-17; 18 U.S.C. § 3486(c) (permitting enforcement in "any court . . . within the jurisdiction of which the investigation is carried on"). The district court granted the petition that day and required compliance within fourteen days. Answering Br. 17.

RIH appealed and sought a stay from the district court, presenting its due process objection, substantive objections to the subpoena, and supporting evidence. Answering Br. 18. The government responded. *Id.* at 19. On May 10, the district court rejected RIH's objections in a reasoned opinion, expressly concluding that RIH's opposition "would not have changed the outcome" on the enforcement petition. *Id.* (quoting ROA.159). The court nonetheless largely stayed enforcement until this Court ruled on RIH's stay request. *Id.* (citing ROA.163). RIH had moved this Court for a stay pending appeal on May 9 and requested relief by May 12; after receiving the government's response, this Court denied that motion on May 12. *Id.* at 21. A briefing notice later issued directing RIH to file its opening brief by July 6. Dkt.40.

2. While pursuing relief here, RIH also sought relief against the same subpoena elsewhere. On May 4, a third party, the Rhode Island Child Advocate filed a collateral action in the District of Rhode Island seeking to quash the subpoena. Answering Br. 18. RIH intervened in the collateral action on May 10 and filed its own emergency motion to quash on May 11, while its stay request in this Court remained pending. *Id.* at 19. On May 13—the day after this Court denied a stay—the Rhode Island court purported to quash the subpoena and enjoined the government from receiving or retaining responsive records. *Id.* at 22.

The Northern District then entered an injunction on May 18 restraining RIH from taking further actions to undermine the enforcement proceedings. Answering Br. 25. It found that RIH had "sought to circumvent the authority of [the Northern District] and the Fifth Circuit and attempted to collaterally attack the Enforcement Order." ROA.336-37. After waiting 57 days, RIH filed a separate appeal of the May 18 order and then requested a second extension of time to file its opening brief "until 40 days past the date on which its second appeal . . . is docketed on a

consolidated basis with the existing appeal." Dkt.51 at 3. The government opposed a further extension, explaining that additional delay would, among other things, "risk allowing the collateral proceeding [in the First Circuit] to overtake the direct appeal from the enforcement order." Dkt.52 at 4. The Court granted RIH's request in part, directing RIH to file its opening brief by August 27. Dkt.61.

3. Briefing in the collateral appeal finished on August 3. After receiving multiple extensions, RIH filed its opening brief here on August 27, and the government filed its answering brief on September 28. Dkts.68, 71. RIH then sought an 18-day extension of time to file its reply brief, to and including November 6, citing the "significant demands on counsel's time" imposed by "the preparation for and presentation of oral argument before the First Circuit" in the collateral appeal as one of the reasons for seeking an extension. Dkt.72 at 1. Counsel stated the "request is made in good faith and not for the purpose of delay." Dkt.72 at 4. The government opposed "to the extent that the requested extension would delay oral

argument." *Id.* The court granted RIH's request in part, ordering the reply brief due by November 2. Dkt.79.

The First Circuit heard argument in the collateral appeal on October 7. *See* Docket Notice, *In re: RIH*, No. 26-1568 (1st Cir. Oct. 7, 2026). At that argument, RIH identified due process, whether the enforcement judgement is void, and the subpoena's merits as potential subjects of a preclusion argument in this Court. Counsel for the hospital argued that "[i]f this Court decides those [questions], those are questions that—issues we could bring to the Fifth Circuit under a preclusion analysis. It's very specific depending on what this Court decides, but that is another way that this would be resolved." Recording of Oral Arg. at 22:15-22:38, *In re: RIH*, No. 26-1586 (1st Cir. Oct. 7, 2026).[2]

## ARGUMENT

1. Summary affirmance of the enforcement order is warranted.

Summary disposition is appropriate when the outcome of the case is not in

---

[2] https://www.ca1.uscourts.gov/sites/ca1/files/oralargs/26-1568_20261007.mp3

serious dispute. *See United States v. Dixon*, 132 F.3d 192, 202 (5th Cir. 1997); *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62 (5th Cir. 1969) (summary disposition appropriate "where the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome"). That standard is met here.

RIH's opening brief in this Court abandons its substantive objections to enforcement—at least as a freestanding basis for reversal, *see* Opening Br. 37-40; Answering Br. 40-48—and instead challenges the enforcement order only on the ground that RIH was deprived due process. But as the government has explained in detail in its answering brief, and as the remarkable procedural history of this dispute makes quite clear, RIH received all of the process it was due (and much more) before being compelled to produce any responsive records.

Due process asks whether a party received a meaningful chance to be heard before being "finally deprived" of a protected interest. *Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974). Due process is "flexible" and calls for "such procedural protections as the particular situation demands."

*Mathews v. Eldridge*, 424 U.S. 319, 334 (1976) (quotation omitted). Its core is notice and an "opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* at 333. (quotation omitted). That standard is being applied here in the context of proceedings to enforce an administrative subpoena, which this Court has "consistently recognized" are "summary" in nature. *Burlington N.R.R. Co. v. Off. of Inspector Gen.*, R.R. Ret. Bd., 983 F.2d 631, 637 (5th Cir. 1993). Moreover, as to HIPAA subpoenas in particular, § 3486 grants a subpoenaed entity an opportunity to be heard in its home district: a recipient may seek quashal or modification at any time before the return date. 18 U.S.C. § 3486(a)(5). RIH knew of the subpoena and its terms for months, during which it neither complied nor sought pre-enforcement review.

RIH received constitutionally sufficient process before producing any responsive records pursuant to the enforcement order. After the order was entered, RIH presented all of its arguments and evidence in a stay motion to the district court. After considering those submissions along with the government's response, the court held that RIH's objections lacked merit

under any standard and would not have changed its decision on the enforcement petition. Even so, after considering RIH's arguments and evidence, the district court largely stayed its enforcement order pending this Court's decision on RIH's stay request. RIH then provided all its arguments and evidence to this Court, which denied the motion for a stay pending appeal after considering the government's response.

RIH received a meaningful "opportunity to present all of its arguments and evidence" against enforcement before it had any obligation to produce responsive documents. *Luig v. N. Bay Enters., Inc.*, 817 F.3d 901, 905 (5th Cir. 2016). Due process requires nothing more. This Court and others recognize that an initial failure to be heard can be remedied by subsequent process. *See id.*; *accord e.g.*, *U.S. Postal Serv. v. Nat'l Ass'n of Letter Carriers, AFL-CIO*, 847 F.2d 775, 778 (11th Cir. 1988) (courts "consistently" hold that a failure to be heard can be "cured"); *In re Bartle*, 560 F.3d 724, 730 (7th Cir. 2009) (appellant did not suffer a "complete denial of the opportunity to be heard" when he "had the opportunity to be heard via his motion to alter or amend"); *In re Wade*, 948 F.2d 1122, 1125

(9th Cir. 1991) (due process satisfied when the court "thoroughly considered" arguments raised in "motion for reconsideration"). Moreover, this Court has refused to allow a properly subpoenaed party to obstruct a lawful investigation by invoking "procedural miscues" in district court, at least where there is "no basis in the record for quashing the subpoena." *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir. 1989). Nothing requires remand for an empty procedural exercise when the subpoenaed party has presented its arguments and evidence and obtained a ruling on them from the district court. The Court should thus summarily affirm the enforcement order.

2. Alternatively, the government requests that the Court expedite oral argument and promptly resolve RIH's direct appeal of the enforcement order. If the Court declines partial summary affirmance, RIH's newly announced strategy establishes good cause under Rules 27.5 and 34.5 to advance consideration of RIH's first-filed direct appeal of the enforcement order. Contrary to RIH's suggestion to the First Circuit, "the court with 'prior jurisdiction over the common subject matter' should

resolve all issues presented in related actions." *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 730 (5th Cir. 1985) (quoting *Mann. Mfg. Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)); *see UtahAmerican Energy, Inc. v. Dep't of Labor*, 685 F.3d 1118, 1124 (D.C. Cir. 2012) (per curiam) ("The usual rule in this circuit has been that where two cases between the same parties on the same cause of action are commenced in two different Federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first." (cleaned up)). Moreover, prompt resolution of this first-filed direct appeal may facilitate the First Circuit's resolution of related issues in the collateral appeal. *See, e.g.*, Recording of Oral Arg. at 40:50-41:15, *In re RIH*, No. 26-1586 (1st Cir. Oct. 7, 2026) (Gelpí, J.: "Let me ask you, isn't perhaps the wisest course to follow, to see what the Fifth Circuit does? Because if the Fifth Circuit were to reverse, then the [District of] Rhode Island order is effective. Should that perhaps be the wisest choice?"). Good cause therefore exists to advance this Court's consideration of RIH's direct appeal of the subpoena's enforceability.

## CONCLUSION

For these reasons, the Court should advance RIH's reply brief deadline and summarily affirm the April 30 enforcement order. Alternatively, the Court should expedite oral argument and disposition of this appeal.

Respectfully submitted,

*/s/ John Bailey*

JOHN BAILEY
*Counsel to the Assistant Attorney General*
*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Ave., N.W.*
*Washington, D.C. 20530*
*(202) 514-6993*

OCTOBER 2026

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared with Palatino Linotype 14-point, a proportionally spaced font with serifs, and the motion complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,196 words, according to the word count of Microsoft Word.

*/s/ John Bailey*

John Bailey

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2026, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ John Bailey*
John Bailey